IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Maurice Graves, #208580, | C/A No.: 3:12-826-JFA-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Lauren B. Stevens, Public Defender of Sumter County; Sumter County Public Defender Office, | |
| Defendants. | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Lee Correctional Institution and brings this action pursuant to 42 U.S.C. § 1983 against the court-appointed public defender and public defender office involved in his state criminal case. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

In his complaint, Plaintiff alleges the defendants, assistant public defender Lauren B. Stevens ("Attorney Stevens") and the Public Defender's Office, conspired with the prosecutor in his criminal case to "secure a conviction of life without parole" ("WOP") under the two-strikes law, S.C. Code Ann. § 17-25-45, in violation of Plaintiff's Sixth

Amendment right to effective counsel. Plaintiff filed a previous case[1] against the same defendants, based on similar factual allegations, which was dismissed without prejudice on July 20, 2011 for failure to state a claim. *Graves v. Stevens*, C/A No. 3:10-2230-JFA (D.S.C.) at Entry #18. In his prior case, Plaintiff attempted to add a conspiracy claim after the initial report recommending dismissal for failure to state a claim was submitted to the district judge. Plaintiff's objections to the report and recommendation were overruled, and his motion to amend the complaint to add the conspiracy claim was denied. *Id.* The order denying amendment of the complaint found that the allegations of conspiracy were conclusory in nature. *Id.*

In both complaints, Plaintiff alleges he was never notified that Attorney Stevens had been appointed to represent him in defending the state criminal charges, and that Attorney Stevens's only contact with Plaintiff was fifteen minutes prior to his trial to tell him that she had no defense. Plaintiff contends that he was never contacted because his case was forgotten, until the state realized time was running out for application of the state "two strikes" law, which requires an WOP sentence for two convictions of specified crimes that occur within ten years. Both complaints allege that the conspiracy occurred when Attorney Stevens and the state prosecutor conspired to rush Plaintiff to trial with no defense within a few days of the ten-year deadline.

---

[1] This court takes judicial notice of Plaintiff's prior related case. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

The current complaint is substantively the same complaint rejected in Plaintiff's prior case with only a few additional allegations. In the current complaint, Plaintiff includes allegations that, as a pretrial detainee, he was twice transported to the Sumter County courthouse prior to his trial. [Entry #1 at 3–4]. He also adds that Attorney Stevens contacted his mother the day before his trial and told her she knew how to find Plaintiff. *Id.* at 4. These additional allegations appear to be directed at refuting Attorney Stevens's statement in Plaintiff's post conviction relief action that she did not contact Plaintiff prior to his trial because she did not know where Plaintiff was located. *Id.* The current complaint contains no additional factual allegations concerning the claimed conspiracy between Attorney Stevens and the state prosecutor.

II. Discussion

   A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity may be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Sumter County Public Defender's Office is not a person subject to suit under § 1983, because it cannot physically take action under color of state law to deprive a plaintiff of a federal right, just as a building or other inanimate object cannot take action. *See Rhodes v. Seventh Circuit Solicitors Office*, C/A No. 9:09-1863-JFA, 2009 WL 2588487, at *1 (D.S.C. Aug. 19,

2009) (county public defender office is not a person within the meaning of § 1983). Therefore, it is recommended that the Sumter County Public Defender Office be summarily dismissed.

Plaintiff sues Attorney Stevens for having allegedly conspired with the state prosecutor to obtain Plaintiff's conviction and resulting WOP sentence. The law is well-established that a public defender does not act under color of state law because when representing a defendant in a state criminal proceeding, the public defender is "not acting on behalf of the State," but instead "is the State's adversary." *Polk Cnty. v. Dodson*, 454 U.S. 312, 323 n. 13 (1981); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976). However, in *Tower v. Glover*, 467 U.S. 914, (1984), the Supreme Court held that public defenders could be found to act under color of state law when engaged in intentional misconduct within a conspiracy with state officials that deprives a litigant of federal rights.[2]

In the current complaint, Plaintiff alleges a conspiracy between Attorney Stevens and the state prosecutor to rush Plaintiff to trial with no defense in order to secure a sentence of life without parole under the state two-strikes law. Plaintiff's claim is the same claim of conspiracy that he proposed in his prior case, which was found to be conclusory. Although Plaintiff includes some additional factual allegations in the current complaint, the additional allegations are related to Attorney Stevens's claimed lack of

---

[2] A plaintiff may not, however, bring a civil rights claim to obtain monetary damages if a judgment in the plaintiff's favor would "necessarily imply the invalidity of his conviction." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

knowledge of Plaintiff's location prior to trial, and they do not add relevant information to state a claim of conspiracy.

To establish a civil conspiracy under § 1983, Plaintiff must allege sufficient factual allegations that would "reasonably lead to the inference" that the co-conspirators "positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan" to deprive Plaintiff of a constitutional right. *Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 421 (4th Cir. 1996); *Ruttenberg v. Jones*, 283 F. App'x 121, 132 (4th Cir. 2008) (failure to plead conspiracy). Plaintiff's claim of a conspiracy between Attorney Stevens and the state prosecutor in his current complaint remains a stark statement of conspiracy with insufficient supporting factual allegations, as was determined in Plaintiff's prior case. Plaintiff fails to allege sufficient factual allegations to state a claim that Attorney Stevens acted under color of state law by conspiring with the state prosecutor to deprive Plaintiff of his federal rights. Therefore, the complaint fails to state a claim on which relief may be granted and should be dismissed. 28 U.S.C. § 1915(e)(2)(B).

III. Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

April 27, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).