UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Maurice Graves, | ) | C/A No. 3:12-826-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Lauren B. Stevens, Public Defender of Sumter County; Sumter County Public Defenders Office, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

The *pro se* plaintiff, Maurice Graves, brings this action pursuant to 42 U.S.C. § 1983, against his former public defender in his state criminal case.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the complaint should be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was notified of his right to file objections to the Report and Recommendation. The plaintiff filed timely objections to the Report after being granted an extension of time within which to do so.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

As an initial matter, the Magistrate Judge notes that the current complaint is substantively the same complaint rejected by this court in July 2011 with only a few additional allegations. *See Graves v. Stevens*, C/A No. 3:10-2230-JFA (D.S.C.).

The Magistrate Judge correctly opines that the Sumter County Public Defenders Office is not a person subject to suit under § 1983 because it cannot physically take action under color of state law to deprive a plaintiff of a federal right, just as a building or other inanimate object cannot take action.

As to the conspiracy claim between defendant Stevens and the state prosecutor, the Magistrate Judge suggests that a public defender does not act under color of state law when representing a defendant in a state criminal proceeding. Further, the Magistrate Judge concludes that the plaintiff fails to state a claim that Attorney Stevens acted under color of state law by allegedly conspiring with the state prosecutor to deprive plaintiff of his federal rights.

The plaintiff objects to the Magistrate Judge's Report asserting that his current complaint is not the same "for the simple fact that plaintiff amended complaint with the claim of conspiracy was denied and now plaintiff's current complaint does allege the proper claim and facts to support the conspiracy claim."

Contrary to the plaintiff's assertion, the Magistrate Judge has reviewed this present complaint alleging conspiracy and has found, independent of the claims in the plaintiff's prior civil case, that the plaintiff has failed to allege sufficient factual allegations that would reasonably lead to the inference that the Attorney Stevens and the state prosecutor came to

a mutual understanding to deprive plaintiff of his constitutional rights.

Moreover, a public defender does not act under color of state law because when representing a defendant in a state criminal proceeding, the public defender is not acting on behalf of the State. *See Polk Cnty v. Dodson*, 454 U.S. 312, 323 n. 13 (1981). Thus, the plaintiff's claim against defendant Stevens is not cognizable under § 1983 because she was not acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference.

Accordingly, this action is summarily dismissed without prejudice.

IT IS SO ORDERED.

September 18, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge